IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| KENNETH G. HIBBITT, #127301;<br><br>Plaintiff,<br><br>vs.<br><br>SAMUEL B. GLOVER, DIRECTOR OF THE<br>SOUTH CAROLINA DEPARTMENT OF<br>PROBATION, PAROLE, AND PARDON<br>SERVICES,<br><br>Defendant. | Civil Action No. 3:06-0591-HFF-JRM<br><br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

This action was filed by Plaintiff on February 27, 2006.[1] He is an inmate at the Tyger River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). On March 28, 2006, Defendant filed a motion to dismiss, or in the alternative for summary judgment.[2] Plaintiff, because he is proceeding pro se, was advised on April 18, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion for summary judgment could result in the dismissal of his complaint. Plaintiff filed a response on May 18, 2006.

### MOTION FOR SUMMARY JUDGMENT

On May 8, 1985, Plaintiff was sentenced for crimes he committed on February 20, 1985. He was sentenced to two terms of thirty years incarceration for two counts of criminal sexual conduct in the first degree, ten years for assault and battery of a high and aggravated nature, ten years for

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

[2]As matters outside the pleadings have been considered, the undersigned has treated this as a motion for summary judgment.

pointing a firearm, and life imprisonment for each of two counts of kidnapping. Defendant provides that at the time of Plaintiff's conviction, South Carolina law allowed an inmate serving a life sentence for kidnapping to have parole eligibility upon the service of ten years. On June 3, 1993, Plaintiff initially appeared before the parole board, seeking parole. The parole board denied Plaintiff's application for parole and has repeatedly denied Plaintiff parole since the initial hearing. On October 25, 2006, Plaintiff's application for parole was denied based on the nature and seriousness of his current offense, indication of violence in this or a previous offense, use of a deadly weapon in this or a previous offense, and prior criminal record which indicates poor community adjustment.

Plaintiff alleges that since his prior offenses will never change, using his prior offenses for the denial of parole is a violation of due process; Defendant failed to follow South Carolina law regarding the criteria the board must follow in deciding parole; and Defendant was negligent in not establishing procedures to guarantee that favorable information was presented to the parole board.[3]

---

[3]In his opposition memorandum, Plaintiff for the first time asserts an equal protection violation, claiming that South Carolina law has changed since his 1985 conviction resulting in persons sentenced subsequent to his 1985 conviction being treated differently (it is unclear whether he is claiming that he or the post-1985 persons are treated more favorably) than he is treated. Even if this claim is properly before the court, Plaintiff fails to show an equal protection violation.

An equal protection claim arises when, without adequate justification, similarly-situated persons are treated differently by a governmental entity. U.S. Const. amend XIV. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, (4th Cir. 2001). When the distinction is based on a "suspect classification" or effects the denial of a fundamental right, the constitutional scrutiny sharpens in focus to determine whether the classification is narrowly tailored to serve a compelling governmental interest." See Plyler v. Doe, 457 U.S. 202, 216-17 (1982). When a plaintiff is not a member of a suspect class he must prove that the distinction between himself and other inmates was not reasonably related to some legitimate penological purpose. See Turner v. Safley, 482 U.S. 78, 89 (1987). Here, Plaintiff, has not asserted that he is a member of a suspect class and has not shown that similarly-situated persons are treated differently.

Plaintiff seeks declaratory relief, injunctive relief, nominal damages, and attorney's fees.[4] Defendant contends that his motion for summary judgment should be granted because: (1) Plaintiff has failed to state a cause of action for which relief should be granted; (2) Plaintiff's claims are barred by the doctrine of qualified immunity; and (3) the Plaintiff's claims are barred by the Eleventh Amendment.

      1.      § 1983 Claims/Due Process

Plaintiff appears to allege that he was denied due process as to his parole hearing because he was not allowed to review his file prior to his hearing and he is not allowed to notify the parole board of any specific error or inaccuracy. He also claims that the denial of parole based on his past crimes violates his constitutional rights. Defendant contends that Plaintiff fails to show that he was denied due process because he does not have a right to parole (only a hearing) and Plaintiff received a hearing every year in accordance with South Carolina law.

A plaintiff bringing a § 1983 action for denial of procedural due process[5] must show that the state deprived him or her of a constitutionally protected interest in life, liberty, or property without due process of law. Zinermon v. Burch, 494 U.S. 113, 125 (1990)(citing Parratt v. Taylor, 451 U.S. 527, 537 (1981)). A Fourteenth Amendment procedural due process claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989).

---

[4] A pro se litigant cannot obtain attorney's fees attributable to his own labor in pursuing the action. Kay v. Ehrler, 499 U.S. 432 (1991).

[5] The Supreme Court, in Wilkinson v. Dotson, 544 U.S. 74 (2005) held that prisoners could challenge the constitutionality of state parole procedures in an action under § 1983 seeking declaratory and injunctive relief, and were not required to instead seek relief exclusively under the federal habeas corpus statutes. To the extent that Plaintiff is seeking to challenge the fact or duration of his confinement, he must seek federal habeas corpus relief or the appropriate state relief. Wilkinson, 544 U.S. at 125.

The Constitution itself does not create a protected liberty interest in the expectation of early release on parole. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979); see also Jago v. Van Curen, 454 U.S. 14, 18-20 (1981)(mutually explicit understanding that inmate would be paroled does not create liberty interest). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz, 442 U.S. at 7. "It is therefore axiomatic that because...prisoners have no protected liberty interest in parole they cannot mount a challenge against a state parole review procedure on procedural (or substantive) Due Process grounds." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir.), cert. denied, 522 U.S. 995 (1997).

Because there is no constitutional right, federal courts "recognize due process rights in an inmate only where the state has created a 'legitimate claim of entitlement' to some aspect of parole." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996); see Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir.1991)(en banc).[6] Plaintiff argues that § 24-21-640 creates a liberty interest because of mandatory language. The statute, however, is titled (in part) "Circumstances warranting parole" and provides:

> The board must carefully consider the record of the prisoner before, during and after imprisonment, **and no such prisoner may be paroled until it appears to the satisfaction of the board**: that the prisoner has shown a disposition to reform; that, in the future he will probably obey the law and lead a correct life; that by his conduct he has merited a lessening of the rigors

---

[6]Plaintiff contends that his constitutional rights were violated based on the Supreme Court's ruling in Morrissey v. Brewer, 408 U.S. 471 (1972)(minimal due process requirements for parole revocation). Morrissey is distinguishable from this case, in that it involved a return to custody after a parole release, where this case involves a person who wishes to be granted parole. In Greenholtz, the Supreme Court distinguished between persons currently on parole and persons seeking parole and found that there was no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz, 442 U.S. at 7.

4

>of his imprisonment; that the interest of society will not be impaired thereby; and, that suitable employment has been secured for him.

S.C. Code Ann. § 24-21-640 (emphasis added). Contrary to Plaintiff's argument, this language does not make parole mandatory, but grants the parole board the discretion to grant or deny parole.

The statute also provides that:

> The board must establish written, specific criteria for the granting of parole and provisional parole. The criteria must reflect all of the aspects of this section and include a review of a prisoner's disciplinary and other records. The criteria must be made available to all prisoners at the time of their incarceration and the general public.

Id. Here, Defendant has provided written, specific criteria for the granting of parole and provisional parole. Plaintiff signed a copy of a form acknowledging receipt of these criteria. Defendant's Motion for Summary Judgment, Ex. 2.

The South Carolina Supreme Court has found that "[a]lthough this provision [§ 24-21-640] creates a liberty interest in parole eligibility, it does not create a liberty interest in parole." Furtick v. South Carolina Dep't of Probation, Parole, and Pardon Services, 576 S.E.2d 146, 149 (2002). Here, Plaintiff received his process due as to parole eligibility, in that he does not dispute that he received the parole hearings that he was due.

The Fourth Circuit has stated:

> Even where this court has found that a parole statute establishes a liberty interest, we have held that inmates are entitled to no more than minimal procedure. At most, we have held that parole authorities must "furnish to the prisoner a statement of its reasons for denial of parole." Franklin [v. Shields, 569 F.2d 784 (4th Cir.1977)] at 784; see also Bloodgood v. Garraghty, 783 F.2d 470, 473 (4th Cir.1986). In sum, whether or not a liberty interest exists, federal courts must defer to state agencies applying state laws and thus their oversight of state parole proceedings has been extremely limited.

Vann v. Angelone, 73 F.3d. at 522. Here, Defendant provides, and Plaintiff has not disputed, that Plaintiff was given the reasons for the denial of his parole.

Further, under the analysis of liberty interests set out by the Supreme Court in <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), Plaintiff fails to show that he has a liberty interest in parole or parole consideration. The application of the statute at issue constitutes neither a restraint on Plaintiff's freedom "exceeding the sentence in such an unexpected manner as to give rise to protection of the Due Process Clause by its own force" nor a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin</u>, 515 U.S. at 484.

Plaintiff claims that he was impermissibly denied parole based on his past crimes. The serious nature and circumstances of an offense is a constitutionally valid reason to deny discretionary parole. <u>See</u> <u>Bloodgood v. Garraghty</u>, 783 F.2d 470, 475 (4th Cir.1986) (holding that the parole board gave constitutionally sufficient reasons when it informed the prisoner that he was denied parole release because of "the seriousness of [his] crime" and his "pattern of criminal conduct").

To the extent that Plaintiff is asserting a claim for negligence under § 1983, his claim fails. Negligence, in general, is not actionable under 42 U.S.C. § 1983. <u>See</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 345-48 (1986); <u>Ruefly v. Landon</u>, 825 F.2d 792, 798-94 (4th Cir. 1987); and <u>Pink v. Lester</u>, 52 F.3d 73, 78 (4th Cir. 1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. <u>DeShaney v. Winnebago Dep't. of Social Services</u>, 489 U.S. 189, 200-03 (1989).

    2.    <u>Immunity</u>

Defendant contends that he is entitled to Eleventh Amendment immunity. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the

United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case of <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated,

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

<u>Id.</u> at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to the Eleventh Amendment immunity. <u>Id.</u> at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities. Therefore, Defendant is entitled to Eleventh Amendment immunity from monetary damages in his official capacity.

Defendant also contends that he is entitled to qualified immunity. The Supreme Court in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

<u>Harlow</u>, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

7

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendant violated his established constitutional or statutory rights. Therefore, Defendant is entitled to qualified immunity in his individual capacity.

   3.   State Law Claims

It is unclear whether Plaintiff is attempting to assert claims under South Carolina law. He appears to claim that Defendant was negligent in not establishing procedures to guarantee that favorable materials were presented to parole board members. In an action for negligence in South Carolina, a plaintiff must allege and show: (1) a duty of care owed by a defendant to a plaintiff; (2) a breach of that duty by negligent act or omission, and (3) damage proximately resulting from the breach. South Carolina Ins. Co. v. James C. Greene & Co., 348 S.E.2d 617, 620 (S.C.Ct.App. 1986). The absence of any one of these elements renders a cause of action insufficient. South Carolina Ports Authority v. Booz-Allen & Hamilton, 346 S.E.2d 324, 325 (S.C. 1986). Here, Plaintiff has not established that a duty of care was owed to him.[7]

---

[7] Alternatively, as Plaintiff fails to show that Defendant violated his rights under federal law (as discussed above), it is recommended that, pursuant to 28 U.S.C. § 1367(c)(3), any remaining state law claims be dismissed.

8

MOTION TO AMEND AND TO CERTIFY CLASS

On April 7, 2006, Plaintiff filed what appears to be a motion to amend and to certify a class action. Pursuant to Fed. R. Civ. P. 15, a party may amend his pleading once at any time before a responsive pleading has been filed. After the opposing party has answered (Defendant filed an answer on March 28, 2006), however, a plaintiff must seek leave of the court to amend. Although Rule 15(a) mandates that leave to amend pleadings should be granted freely where justice requires, "[m]otions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). A district court may deny a motion to amend a pleading "where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant." Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987), cert. denied, 485 U.S. 977 (1988)(citations omitted).

It is recommended that Plaintiff's motion to amend be denied. Although Plaintiff appears to discuss some of his proposed claims in his motion, he has not submitted a copy of his proposed amended complaint. Further he has not shown that he served Defendant with a copy of his motion (see Fed. R. Civ. P. 5)[8] or proposed amended complaint.

Plaintiff also appears to be asking to file a class action on behalf of other inmates. It is recommended that Plaintiff's motion to file a class action be denied. Plaintiff, who has brought this action pro se, lacks standing to assert the claims of these other inmates. See Laird v. Tatum, 408

---

[8]The Federal Rules of Civil Procedure require:
Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders..., every paper relating to discovery required to be served upon a party unless the court otherwise orders,... shall be served upon each of the parties.
Fed. R. Civ. P. 5(a). Additionally, "[a]ll papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service...." Fed. R. Civ. P. 5(d).

U.S. 1 (1972); see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); and Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others). Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a pro se prisoner cannot be an advocate for others in a class action); and McNeil v. Guthrie, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991).

## CONCLUSION

Based upon review of the record, it is recommended that Plaintiff's motion to amend and to certify a class action (Doc. 10) be denied and Defendant's motion for summary judgment (Doc. 8) be granted.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

January 16, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).